Battle, J.
 

 Had his Honor, after hearing the report of the clerk and master, and the affidavits produced by the purchaser, refused to set aside the sale, upon the ground that the purchaser had shown no sufficient cause for relief, there might have been a question, whether upon an appeal, we could review his decision ; but he declined to grant relief upon another ground, to wit, a want of authority ; assigning as a reason, that there was no warranty of soundness in the sale of a slave by a clerk and master in equity. This was putting the case upon a question of law, and not of fact, and we, therefore, think an appeal lies from his order or decree. See
 
 Freeman
 
 v. Morris, Bush. Rep. 287, and the cases therein referred to.
 

 The Court of Equity has, undoubtedly, the power to set aside a judicial sale, made in pursuance of its .order, whenever the owner of the property,tor those who act for him, can show that the price bid is inadequate, and it would seem that in fairness, the court ought to have the corresponding power to relieve the purchaser, whenever, from fraud and mistake, he has bid too much for the property; and such, from the authorities, wo find to be the case. In
 
 Morehead
 
 v.
 
 Frederick,
 
 (stated in Sug. on Yen. and Pur. page 80, and in the App. No. 10, of the Am. from 9th London Ed.) the purchaser was relieved from his purchase, on the ground of mistake; and in Note 3, to 2 Dan. Oh. Prac. 1515, (Am. Ed.) wo find that similar relief has been granted by courts of Chancery of several of our sister States. The sale being made under its authority7, the court will see that justice shall be done to both vendor and purchaser, upon the fairest principles of equity and good conscience.
 

 Believing that his Honor erred, in supposing that he had no power to interpose in favor of the purchaser, his interlocutor}7 order must be reversed, and this opinion certified to the Court below.
 

 Pee OuexaM, Decree accordingly.